# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JUDY L. HOOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3380-CV-S-DW-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Judy Hooper seeks judicial review of the denial of her request for disability insurance benefits and supplemental security income benefits. See 42 U.S.C. §§ 401-434; 42 U.S.C. §§ 1381-83. Plaintiff has exhausted all of her administrative remedies and therefore judicial review is now appropriate. 42 U.S.C. §§ 405(g) and 1383(c)(3). After carefully examining the parties' arguments and the entire administrative record, the Court affirms the Commissioner's decision.

On review, the district court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2005); 42 U.S.C. § 405(g). Substantial evidence "is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993). Thus, the Court will not "reweigh the evidence or review the factual record *de novo*." Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994). Rather, if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision. Oberst, 2 F.3d at 250.

The complete facts and arguments are presented in the parties' briefs and are repeated here

only in part. Hooper argues the ALJ erred in relying on the vocational expert's opinion that her impairments would not prevent her from performing other work existing in substantial numbers in the national economy. Hooper claims that the hypothetical failed to include her limitations caused by cirrhosis-related fatigue and disabling mental disorders and that, as such, the vocational expert's answer cannot be substantial evidence.

Generally, testimony from a vocational expert based on a properly phrased hypothetical question constitutes substantial evidence. See Miller v. Shalala, 8 F.3d 611, 613 (8th Cir. 1993). Conversely, as Hooper argues, when the hypothetical question does not encompass all relevant impairments, the vocational expert's testimony does not constitute substantial evidence supporting the ALJ's decision. Hinchey v. Shalala, 29 F.3d 428, 432 (8th Cir. 1994). However, the ALJ's hypothetical question need "include only those impairments that the ALJ finds are substantially supported by the record as a whole." Id. Therefore, the main issue is whether the ALJ's findings regarding Hooper's relevant impairments are "substantially supported by the record as a whole."

In his decision, the ALJ found that the objective evidence did not support a finding of limiting pain to the degree alleged by Hooper. (R. 17.) The credibility of subjective testimony is primarily for the Commissioner to decide. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). In doing so, the ALJ must give full consideration to all evidence relating to a claimant's subjective complaints including: prior work record; observations by third parties and physicians; activities; duration, frequency and intensity of pain; precipitating and aggravating factors; medication; and functional restrictions—the so-called Polaski factors. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ need not discuss each Polaski factor methodically, as long as the factors are acknowledged and considered. See Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996). Where the record discloses inconsistencies between the subjective complaints and the

objective evidence, an ALJ is permitted discount the weight afforded to the claimant's subjective complaints. Polaski, 739 F.2d at 1322. Finally, "[i]f an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, [the reviewing court] will normally defer to that judgment." Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990).

In his written opinion, the ALJ discussed the evidence in the record related to each Polaski factor, and specifically addressed the symptoms raised by Plaintiff in her social security brief. Accordingly, the Court finds that the ALJ adequately considered the Polaski factors in concluding that Hooper's subjective complaints were inconsistent with the record as a whole. The remaining question is whether the ALJs credibility finding was supported by the evidence he considered during his Polaski analysis.

The ALJ noted that Hooper's cirrhosis condition did not prevent her from returning to work after its initial diagnosis in 2000. (R. 18.) The is no evidence of any deterioration of her condition and, in fact, more recent diagnostic examinations indicated that she was "doing quite well," showed "basically no evidence of liver dysfunction," and liver enzymes had tested normal. (R. 18.) The ALJ concluded that the was no credible evidence supporting Hooper's allegations of debilitating cirrhosis-related fatigue. This conclusion is substantially supported by the record as a whole.

Hooper's alleged limitations resulting from mental disorders are similarly undermined by evidence in the record. Evidence of consultative exams indicate Hooper was taking medication which allowed her to function normally and she reported no significant impairments. (R.18.); see Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling."). Furthermore, Hooper's daily activities are inconsistent with her alleged limitations. Hooper cooks, cleans, shops, enjoys fishing and craft work, and has returned to college earning "A"s in all four of her courses taken over two semesters. (R.

19.); see House v. Shala, 34 F.3d 691, 694 (8th Cir. 1994) (finding ability to perform successfully at college inconsistent with allegations of disabling symptoms); Black v. Apfel, 143 F.3d 383, 385 (8th Cir. 1998) (finding activities such as household work, visiting friends, and attending church inconsistent with complaints of debilitating pain). This is substantial evidence supporting the ALJ's finding that Hooper's mental functioning is intact and she is capable of meeting the normal demands of the workplace.

Accordingly, after careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence—the Court concludes that the ALJ's credibility determination is supported by substantial evidence on the record as a whole. Therefore, the Court also concludes that the hypothetical question sufficiently included the impairments and functional restrictions that are supported by the record. Therefore, the Commissioner's decision denying Hooper's applications for benefits is AFFIRMED.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date: November 7, 2005